proceedings consistent with this Court's Opinion.

**UNITED STATES of America on Behalf of AGENCY FOR INTERNATIONAL DEVELOPMENT, Petitioner,**

v.

**The FIRST NATIONAL BANK OF MARYLAND, Respondent.**

Civ. No. HAR 94–1602.

United States District Court, D. Maryland.

Sept. 28, 1994.

Kathleen McDermott, Asst. U.S. Atty., Baltimore, MD, for petitioner.

Kenneth F. Krach, Baltimore, MD, for respondent.

### MEMORANDUM OPINION

HARGROVE, Senior District Judge.

█ The United States of America, on behalf of the Office of Inspector General for the Agency for International Development ("OIG–AID"), filed this Petition for Summary Enforcement of an Inspector General ("IG") Subpoena to compel First National Bank of Maryland ("First National") to produce certain bank records pertaining to accounts of two corporate customers. The IG subpoena was issued pursuant to an official investigation conducted by OIG–AID within the bounds of its duly constituted authority under the Inspector General Act. 5 U.S.C.App. § 6(a)(4).[1]

First National relies on Maryland's Confidential Financial Record Act ("CFRA"), § 1–304, as limiting OIG–AID's right in this regard. Md.Fin.Inst.Code Ann. § 1–304 (1992). In response, OIG–AID argues that it is not required to comply with CFRA under the Supremacy Clause of the United States Constitution.

---

1. The IG subpoena satisfies the requirements for a valid subpoena. Namely, the subpoena is within the statutory authority of the Inspector General Act because its purpose is to investigate the expenditure of federal funds, the documents sought pursuant to the subpoena are relevant to the investigation, and the subpoena is not excessively burdensome. *See United States v. Newport News Shipbuilding and Dry Dock, Co.,* 837 F.2d 162, 165 (4th Cir.1988).

Having reviewed the parties' memoranda, and finding no dispute as to either the facts or the legal principles to be applied, the Court concludes that no hearing is necessary. Local Rule 105.6 (D.Md.). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345 (1988) (proceeding involving the United States).

### Discussion

First National has not claimed, nor has it been shown, that the IG subpoena is unreasonable or burdensome, or that the documents requested are irrelevant to OIG–AID's investigation. The only question for this Court is whether a validly-issued IG subpoena must comply with Maryland's financial privacy statute as a condition precedent to enforcement of the subpoena.

■ The Inspector General Act of 1978 ("IG Act") enables the OIG to issue subpoenas for the production "of all information, documents, reports, answers, records, accounts, papers and other data and documentary evidence necessary in the performance of their functions ..." 5 U.S.C.App. 3 § 6(a)(4) (West Supp.1992). An IG subpoena is subject to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401–3422 (1989). The purpose behind the RFPA is "to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity." H.R.Rep. No. 1383, 95th Cong., 2d Sess. 33 (1978), U.S.Code Cong. & Admin.News 1978, pp. 9273, 9305. The RFPA requires federal agencies "to follow the procedures established by this title when they seek an individual's records ..." Id.

■ Notice to customers is a prerequisite to enforcement of an administrative subpoena. 12 U.S.C. § 3405. Under RFPA, however, notification is only required to individuals and partnership entities of less than five individuals. 12 U.S.C. § 3401(4). See Duncan v. Belcher, 813 F.2d 1335, 1338 (4th Cir.1987). Because OIG–AID seeks bank records from corporate account holders, it need not serve notice on these customers to enforce the IG subpoena under the federal statute.

■ Nonetheless, First National argues that the IG subpoena is invalid because it is not in compliance with Maryland's privacy statute, CFRA. Under CFRA, financial records can only be disclosed pursuant to a subpoena if the subpoena contains a certification that (1) a copy of the subpoena had been served on the bank's customer, § 1–304(b)(1), or (2) the notification requirement had been waived by the court for good cause, § 1–304(b)(2). First National challenges the IG subpoena because it does not contain either of CFRA's required certifications.

■ The government asserts that CFRA's requirements for compliance with an administrative subpoena hinder the enforcement of the IG Act and that such interference is expressly prohibited by the Supremacy Clause of the United States Constitution. The Supremacy Clause mandates that "the Laws of the United States ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Thus, federal legislation, if enacted pursuant to Congress' lawful authority, can nullify conflicting state or local actions. See McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 427, 4 L.Ed. 579 (1819); Feikema v. Texaco, Inc., 16 F.3d 1408 (4th Cir.1994). Such a conflict occurs when "compliance with both federal and state regulations is a physical impossibility or when a state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Silkwood v. Kerr–McGee Corp., 464 U.S. 238, 248, 104 S.Ct. 615, 621, 78 L.Ed.2d 443 (1984); Worm v. American Cyanamid Co., 970 F.2d 1301, 1304–05 (4th Cir.1992).

■ Congress' intent in passing the IG Act, and giving the OIG such broad investigatory and subpoena powers, was to facilitate the detection of waste, fraud and abuse in federally-funded programs. S.Rep. No. 1071, 95th Cong., 2d Sess. 4 (1978), reprinted in 1978 U.S.C.C.A.N. 2676, 2679. When it promulgated the IG Act, Congress took the extra measure to articulate its belief that the

subpoena provision, section 6(a)(4), is an integral component, critical to fulfilling the IG Act's objectives:

> Subpoena power is absolutely essential to the discharge of the Inspector and Auditor General's functions. There are literally thousands of institutions in the country which are somehow involved in the receipt of funds from Federal programs. Without the power necessary to conduct a comprehensive audit of these entities the Inspector and Auditor General could have no serious impact on the way federal funds are expended.

S.Rep. 1071, 95th Cong., 2d Sess. 34 (1978), reprinted in 1978 U.S.C.C.A.N. 2676, 2709.

 The purpose behind giving the Inspector General subpoena power was to encourage prompt and thorough cooperation with OIG investigations. *Id.* The Maryland notice provisions serve as an obstacle to the accomplishment of the congressional objective. If OIG–AID were forced to comply with CFRA, it would likewise have to comply with many different state statutes relating to bank records, resulting in substantial frustration to the enforcement of the IG Act. Because the IG subpoena is valid and complies with the notification requirements under federal law, it is enforceable against First National.

Consequently, this Court finds that under the Supremacy Clause, CFRA does not apply to subpoenas issued pursuant to the authority of the IG Act. It is therefore unnecessary for the OIG–AID to resort to the courts whenever a financial institution refuses to obey a subpoena on the basis of the agency's failure to comply with CFRA's customer notification requirements.

### Conclusion

The Petition for Summary Enforcement of an Inspector General Subpoena is granted. In accordance with this Memorandum Opinion, it will be so ordered.